UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**
JAN 1 0 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>LILO J. FAAFITI,<br><br>Defendant - Appellant. | No. 05-10501<br><br>D.C. No. CR-02-00552-DAE<br>District of Hawaii,<br>Honolulu<br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner

In its August 5, 2005 order, this court directed standby counsel Gary G. Singh, Esq., and appellant to confer within 28 days of the filing date of that order and directed: (1) standby counsel to file a motion to serve as appointed counsel on appeal; or (2) standby counsel to file a motion for appointment of substitute counsel; or (3) appellant to retain counsel who shall file a notice of appearance; or (4) appellant to inform the court in writing of appellant's clear and unequivocal request that the court exercise its discretion to permit appellant to proceed on appeal without the assistance of counsel. *See* 9th Cir. R. 4-1(d); *Martinez v. Court of Appeal*, 528 U.S. 152 (2000).

RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 1 2 2006
DISTRICT OF HAWAII

O:\AppComm\Faretta\2005\05-10501Fa\order2.wpd

05-10501

On October 27, 2005, appellant filed a pro se response to the order. The response states that appellant and standby counsel have conferred, but standby counsel had not received the August 5, 2005 order. It is thus unclear whether appellant and standby counsel discussed the status of counsel as directed in the order.

In addition, appellant's October 27 pro se response is ambiguous concerning whether appellant desires to represent himself on appeal. Appellant states that he is informing the court "of his clear and unequivocal request that the Court exercise its discretion to permit appellant to proceed on appeal without assistance of counsel; in the event counsel cannot be appointed for appellant or standby counsel failed to file a motion with the court." Appellant's self-representation request thus appears conditional, and may be based on a misunderstanding or lack of knowledge of the availability of appointed counsel for indigent appellants in criminal cases.

Therefore, within 28 days after the filing date of this order, as previously directed in the August 5, 2005 order, appellant and standby counsel shall confer and: (1) standby counsel shall file a motion to serve as appointed counsel on appeal; or (2) standby counsel shall file a motion for appointment of substitute
O:\AppComm\Faretta\2005\05-10501Fa\order2.wpd    2

05-10501

counsel; or (3) appellant shall retain counsel who shall file a notice of appearance; or (4) appellant shall inform the court in writing of appellant's clear and unequivocal request that the court exercise its discretion to permit appellant to proceed on appeal without the assistance of counsel.

The Clerk shall forward any response to this order to the Appellate Commissioner.

Failure to comply with this order may result in the dismissal of this appeal for failure to prosecute. See 9th Cir. R. 42-1.

Briefing remains suspended pending further order of the court.

The Clerk shall serve this order on Gary G. Singh, Esq., standby counsel for appellant, as well as on appellant individually at Reg. No. 87995-022, USP Lompoc, 3901 Klein Blvd., Lompoc, CA 93436.

*Peter L. Shaw*
General Order 6.3(e)