**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-10501 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-02-00552-DAE |
| v. | |
| LILO J. FAAFITI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 4, 2007
Honolulu, Hawaii

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

Lilo J. Faafiti appeals his jury conviction for conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and the sentence imposed by the Honorable Thomas S. Zilly, sitting by designation on the United States District Court for the District of Hawaii. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the judgment and sentence.

**1.** Sufficient evidence existed to support the jury's determination that Faafiti knowingly participated in the conspiracy to distribute crack cocaine. "Once a conspiracy is established, evidence of only a slight connection with it is sufficient to establish a defendant's participation in it." *United States v. Castaneda*, 16 F.3d 1504, 1510 (9th Cir. 1994). Here, Faafiti confessed that he "received cocaine [and] crack cocaine from various suppliers," "provided the cocaine to family members for distribution," and "drove [the crack cocaine] down there on multiple occasions." In addition, the defendant was implicated in multiple telephone calls recorded by the Drug Enforcement Administration ("DEA") and by the testimony of various co-defendants, who described Faafiti's role in transporting the crack cocaine and delivering drug proceeds to his mother and aunt. This evidence more than suffices to establish a connection between the defendant and the drug-distribution conspiracy. *See United States v. Restrepo*, 930 F.2d 705, 711 (9th Cir. 1991) (finding that a connection to the conspiracy was established by the defendant's acts that furthered the co-conspirators' objective); *see also United States v. Gillock*, 886 F.2d 220, 222 (9th Cir. 1989) ("We must respect the exclusive province of the jury to determine credibility of witnesses,

resolve evidentiary conflicts, and draw reasonable inferences from the proven facts, by assuming the jury resolved all such matters in a manner which supports the verdict.").

**2.**   Faafiti's claim that the government committed prosecutorial misconduct when it allowed a witness to refresh his recollection with notes drafted by a DEA agent fails. A witness may refresh his recollection with notes drafted by another person, provided that the witness is testifying from his own memory. *United States v. Landof*, 591 F.2d 36, 39 (9th Cir. 1978) (rejecting the argument that refreshing a witness's recollection with an FBI report was improper). Although the witness may not have been testifying from his own recollection with regard to the dates of the controlled buys, any error in allowing him to consult the notes was harmless, as the dates were established by the testimony of other witnesses.

**3.**   The district court sentenced the defendant to the minimum term mandated by statute. The sentence is therefore valid. *See United States v. Sharp*, 883 F.2d 829, 831 (9th Cir. 1989) ("Where, as here, the statutory sentencing floor is lower than that of the guidelines, the district court can exercise its discretion to reduce the sentence based on mitigating factors to a term less than the guidelines range minimum . . . but not less than the statutory minimum.").

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JUL - 9 2007
by: Deputy Clerk